UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

    Plaintiff,

v.                                                                                                     Case No. 21-C-512

KYLE TRITT, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Brandon Bradley, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Bradley also filed a declaration of indigency and a certified copy of his prison trust account statement for the six-month period prior to filing his complaint, suggesting that he would like to proceed without prepaying the full filing fee (*in forma pauperis*).

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Bradley has accumulated at least three strikes, including: *Bradley v. Giebel*, 20-C-558 (E.D. Wis. May 27, 2020) (dismissal for failure to state a claim); *Bradley v. Drumm*, 20-C-709 (E.D. Wis. July, 20, 2020 (dismissal for failure to state a claim); and *Bradley v. Mahoney*, 20-C-51 (W.D. Wis. Sept. 24, 2020) (dismissal for failure to state a claim). Because Bradley has previously filed at least three actions which were dismissed for failure to state a claim, he may not proceed with this case without prepaying the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

In a sprawling complaint, Bradley asserts that officers used excessive force against him in 2018 and fabricated evidence in subsequent litigation. He also asserts that officers conspired to raise his bail in connection with a charge for throwing bodily fluids on an officer to prevent him from "fight[ing] charges from the streets." Dkt. No. 1 at 13-14. Bradley's allegations in his complaint do not meet the imminent danger requirement. Accordingly, Bradley must pay the full filing fee if he wants to proceed with this case.

The fact that Bradley cannot proceed *in forma pauperis* means that the full filing fee of $402.00 (the $350.00 filing fee and the $52.00 administrative fee that applies to litigants not

proceeding *in forma pauperis*) is due within 30 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Bradley pays the full filing fee within 30 days, the Court will screen his complaint under 28 U.S.C. §1915A. Failure to pay in full by the deadline will result in dismissal of this case. *Newlin*, 123 F.3d at 434. The Court reminds Bradley that, consistent with 28 U.S.C. §1915(b)(1), any prisoner who brings a civil action will be required to pay the $350 statutory filing fee, even if the case is dismissed—voluntarily or by the Court—prior to the Court screening the complaint. Prisoners who cannot pay the fee at once will be required to make monthly payments as described in §1915(b)(2).

**IT IS THEREFORE ORDERED** that, if Bradley wants to proceed with this case, he must forward to the clerk of this Court $402.00 as the full filing fee in this case within 30 days of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Bradley's failure to comply with this order will result in dismissal of this case and assessment of the $350 statutory filing fee.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Bradley is confined.

Dated at Green Bay, Wisconsin this <u>26th</u> day of April, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge