UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

        Plaintiff,

        v.                                          Case No. 21-C-512

KYLE TRITT, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Brandon Bradley, Sr., who is incarcerated at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. The Prison Litigation Reform Act applies to this case because Bradley is a prisoner seeking to bring a civil action. 28 U.S.C. §1915(a)(2). On April 26, 2021, the Court concluded that Bradley had, on at least three prior occasions, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. Dkt. No. 7. The Court also concluded that Bradley had not demonstrated that he was under imminent danger of serious physical injury. Accordingly, the Court decided that Bradley could not proceed *in forma pauperis* and ordered that, to proceed with this case, he must prepay the $402 filing fee. The May 26, 2021 deadline to pay the filing fee has passed, and Bradley did not pay the fee.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** based on Bradley's failure to prepay the filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. §1915(b)(1), Bradley is required to pay the mandatory $350 statutory filing fee. Accordingly, the agency having custody

of Bradley shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Bradley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bradley is transferred to another institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Bradley is located.

Dated at Green Bay, Wisconsin this <u>28th</u> day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.